**SUMMONS ISSUED**

CV-11 4899

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
CHASHA KUZECKI on behalf of herself individually
and all other similarly situated consumers

Plaintiff,

-against-

CAPITAL MANAGEMENT SERVICES, LP

Defendant.
-----------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★    OCT 07 2011    ★

**LONG ISLAND OFFICE**

JOHNSON, J
POLLAK, M

## CLASS ACTION COMPLAINT

### *Introduction*

1.  Plaintiff seeks redress for the illegal practices of Capital Management Services,

    L.P. concerning the collection of debts, in violation of the Fair Debt Collection

    Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.  Plaintiff is a citizen of the State of New York who resides in Kings County, New

    York.

3.  Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the

    FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a

    consumer debt.

4.  Upon information and belief, Capital Management Services, LP is a New York

    limited partnership.

5.  Defendant is regularly engaged, for profit, in the collection of debts allegedly

    owed by consumers.

1

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and sent the letter into this district.

### Allegations Particular to Chasha Kuzecki.

9.    Upon information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10.   On or about December 10, 2010 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.   Said letter sets forth the amount of the debt as $780.88.

12.   On or about January 6, 2011 defendant sent the plaintiff an initial collection letter seeking to collect a balance allegedly incurred for personal purposes.

13.   Said letter sets forth the amount of the debt as $801.18.

14.   The amount has increased in the second letter.

15.   The letter states in pertinent part as follows: "The difference between your current account  balance and the payoff amount is currently $440.65.  If this amount is greater than $600, it is considered taxable income and must be included on your income tax return.  Barclays Bank Delaware will send you IRS form 1099c I

January of the year following your final settlement payment.  You will need to include this form when you submit your income tax return to the IRS."

16.    Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt.

17.    Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations in connection with the collection of a debt.

18.    Advising plaintiff that the creditor will report the debt to the IRS implies that the creditor will report the debt to the IRS in addition to the plaintiff sending the 1099-c form to the IRS.

19.    Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

20.    Here, there is no basis to conclude that a triggering event has or will occur requiring Barclays Bank Delaware to require the plaintiff to file a 1099-C.

21.    The gratuitous reference in a collection letter that a plaintiff will be required to submit a form with the IRS is a collection ploy which suggests to the least sophisticated consumer that he or could get in trouble with the IRS for refusing to pay the debt especially where the amount of indebtedness could be below $600.00 and where it may increase to that amount where the January 6, 2011 letter reflects an increase over the December 10, 2010 letter.

22.    The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e and 1692e(10).

3

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

23.     Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-22 as if set forth fully in this cause of action.

24.     This cause of action is brought on behalf of plaintiff and the members of a class.

25.     The Class consists of consumers who received the same form letter, as did the plaintiff.

26.     The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form letters as the letters sent to the plaintiff on or about December 10, 2010 and January 6, 2011 (b) the collection letter was sent to a consumer seeking payment of a credit card obligation owed to Barclays Delaware Bank and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692e and 1692e(10).

27.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

  (A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

  (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The

4

principal question presented by this claim is whether the Defendant violated the
FDCPA.

(C) The only individual issue is the identification of the consumers who received the
letters, (*i.e.* the class members), a matter capable of ministerial determination
from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based
on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The
plaintiff has retained counsel experienced in bringing class actions and collection-
abuse claims. The plaintiff's interests are consistent with those of the members of
the class.

28.    A class action is superior for the fair and efficient adjudication of the class
members' claims. Congress specifically envisions class actions as a principal
means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are
generally unsophisticated individuals, whose rights will not be vindicated in the
absence of a class action. Prosecution of separate actions by individual members
of the classes would create the risk of inconsistent or varying adjudications
resulting in the establishment of inconsistent or varying standards for the parties
and would not be in the interest of judicial economy.

29.    If the facts are discovered to be appropriate, the plaintiff will seek to certify
a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30.    Collection letters, such as those sent by the defendant are to be evaluated by
the objective standard of the hypothetical "least sophisticated consumer."

5

*Violations of the Fair Debt Collection Practices Act*

31.     The defendant's actions violate the Fair Debt Collection Practices Act.

32.     Because the defendant violated of the Fair Debt Collection Practices Act,
the plaintiff and the members of the class are entitled to damages in accordance with
the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on
behalf of the members of the class, and against the defendant and award damages as follows:

(a)     Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing
this action;

(c)     Any other relief that this Court deems appropriate and just under
the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

*Violations of the FDCPA on an individual basis*

33. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-9
as if set forth fully in this Cause of Action.

34. That in or about January 2011, on many occasions the defendant contacted
various of plaintiff's neighbors where the neighbors told the representatives that it
was a wrong number.

35. The representatives furnished the neighbors with a number to call back the
defendant concerning a personal matter.  *See Krapf v. Collectors Training*

*Institute of Illinois, Inc.*, (W.D.N.Y. 2010) where the ruled that this practice is a violation of 1692b, 1692c(b) and 1692d.

36. Plaintiff suffered emotional distress damage due to the defendant's actions.

37. Defendant violated the FDCPA as set forth herein.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

      (a)     Statutory and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

      (b)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

      (c)     For such other and further relief as may be just and proper.

Dated: Cedarhurst, New York
October 6, 2011

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

7

726 Exchange Street, Suite 700
Buffalo, New York 14210



Reference:▓▓▓▓▓▓

|||||||||||||||||||||||||||||||||||||||||||||||||

ılıllıılllıllıllıllıllıllıllıllıllıllıllıllıllıllı
T31  P1*********AUTO**3-DIGIT 112

Chasha Kuzecki
1768 46TH ST
BROOKLYN, NY 11204-1211

**CAPITAL MANAGEMENT SERVICES, LP**
726 Exchange Street - Suite 700, Buffalo, NY 14210
Office Hours: M-Th 8 a.m. - 11 p.m. ET
Fri 8 a.m. - 10 p.m., Sat 8 a.m. - 4 p.m. ET
Toll Free: 1-877-335-6949, Fax: (716) 852-1620

Previous Creditor: AIRTRAN AIRWAYS
Current Creditor: Barclay Bank Delaware
Account ▓▓▓▓▓
Balance: $801.18

January 06, 2011

Dear Chasha Kuzecki:

This letter serves as confirmation that as duly authorized representatives of Barclay Bank Delaware, Capital Management Services, LP, has agreed to accept less than the full balance due, as settlement on the above-mentioned account.

This settlement shall be in the total amount of $360.53. One-half of $360.53, in the amount of $180.27 is due in this office 10 days from receipt of this letter; and the remaining settlement balance in the amount of 180.28 is due in this office 30 days following the first payment. We are not obligated to renew this offer.

Upon clearance of sufficient funds, our records will be updated to reflect that the above account has been satisfied.

You may send the settlement payment to Capital Management Services, LP, at 726 Exchange Street, Suite 700, Buffalo, NY 14210. Our representatives are trained to offer assistance regarding this obligation. For account inquiries, you may contact Capital Management Services, LP, by calling 1-877-335-6949 Mon. through Thurs. 8 am to 11 pm ET, Fri. 8 am to 10 pm ET, Sat. 8 am to 4 pm ET. You may also make payments online at: www.cms-trans.com.

The difference between your current account balance and the payoff amount is currently $440.65. If this amount is greater than $600, it is considered taxable income and must be included on your income tax return. Barclays Bank Delaware will send you IRS form 1099c in January of the year following your final settlement payment. You will need to include this form when you submit your income tax return to the IRS.

This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

### ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS

This collection agency is licensed by the New York City Department of Consumer Affairs, License No. 1242722.

Please contact Ms. Janet Goff at 1-866-900-9732

PLEASE DETACH COUPON & RETURN WITH YOUR PAYMENT
1 of 2
Capital Management Account Number▓▓▓▓
Reference Number▓▓▓▓
Payment Amount: $180.27
Mail Payment to:
Capital Management Services, LP.
726 Exchange Street, Suite 700
Buffalo, NY 14210

PLEASE DETACH COUPON & RETURN WITH YOUR PAYMENT
2 of 2
Capital Management Account Number▓▓▓▓
Reference Number▓▓▓▓
Payment Amount: 180.28
Mail Payment to:
Capital Management Services, LP.
726 Exchange Street, Suite 700
Buffalo, NY 14210